UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL DEARCE,

Plaintiff,

-against-

WESTCHESTER COUNTY DEPT. OF CORRECTIONS BOOKING SEARCH,

Defendant.

26-CV-6402 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Miguel Dearce ("Plaintiff"), who is in custody of the Westchester County Department of Corrections, brings this *pro se* action under 42 U.S.C. § 1983, against the "Westchester County Department of Corrections Booking Search" ("Defendant") alleging that he was subjected to unlawful strip searches. (*See* Compl. (Dkt. No. 1).) The Court granted Plaintiff's request to proceed without prepayment of fees, *i.e.*, *in forma pauperis* ("IFP"). (*See* Dkt. No. 5.)

**A. Correcting name of Defendant**

The Court directs the Clerk of Court to change the name of the Defendant in the caption of the Complaint from the "Westchester County Department of Corrections Booking Search" to Westchester County, pursuant to Federal Rule of Civil Procedure 21. *See Jones v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-8542, 2021 WL 603295, at *2 (S.D.N.Y. Feb. 16, 2021).

**B. Order of service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Westchester County through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C. *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Westchester County Law Department to identify the Westchester County Department of Corrections officers who allegedly strip searched Plaintiff in the manner described in the Complaint in June and July 2026. It is therefore ordered that the Westchester County Law Department, which is the attorney for and agent of Westchester

---

complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

County, must ascertain the identity and badge number of each John or Jane Doe whom Plaintiff seeks to sue here and the address where each defendant may be served. The Westchester County Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete will be sent to Plaintiff with this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**CONCLUSION**

The Court directs the Clerk of Court to change the name of the Defendant in the caption of the complaint from the "Westchester County Department of Corrections Booking Search" to Westchester County. *See* Fed. R. Civ. P. 21.

The Clerk of Court is instructed to issue a summons for Defendant Westchester County, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to the Westchester County Law Department at: 148 Martine Avenue, White Plains, N.Y. 10601.

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is respectfully directed to mail an amended complaint form to Plaintiff.

SO ORDERED.

Dated: August 19, 2026

White Plains, New York

KENNETH M. KARAS
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

Westchester County
Westchester County Law Department
148 Martine Avenue
Westchester County, New York 10601